# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DEITRICK PAUL RICHMOND, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) |
| v. | ) 2:05-cv-08039-RBP-JEO |
| | ) 2:03-cr-00085-RBP-JEO |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Defendant Deitrick Paul Richmond was indicted with numerous other individuals on various drug offenses. (Doc. 1). He was convicted following his plea of guilty to the drug conspiracy charge in Count One and was sentenced on February 9, 2004, to a custodial sentence of 54 months, to be followed by supervised release for 48 months. (Doc. 291). The defendant did not appeal his conviction or sentence.

On May 10, 2005, he filed a motion to vacate, set aside, or correct his sentence. (Doc. 336). In the motion, he asserts that in view of recent decisions, the Sentencing Guidelines are now "advisory." In support of his argument, he cites *Blakely*[1] and *Booker/Fanfan*.[2] The magistrate judge assigned the matter required the United States to file a response. Therein, it asserts that the motion is due to be denied. The defendant has been afforded an opportunity to reply to the response of the United States. He, however, has failed to file anything additional in support of his motion.

Upon consideration of the motion, the court finds that it is due to be denied. The

---

[1] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

Eleventh Circuit Court of Appeals held in *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004), that *Blakely* was not retroactive to cases on collateral review.  It has similarly held that the more recent decision in *Booker* that the federal Sentencing Guidelines were subject to the jury trial requirements of the Sixth Amendment and that the Guidelines could not be mandatory did not apply to cases on collateral review.  *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005);[3] *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir.), *cert. denied*, ___ U.S. ___, 126 S. Ct. 312, 163 L. Ed. 2d 269 (2005).  Accordingly, the defendant is entitled to no relief on this claim.

## CONCLUSION

Premised on the foregoing, the defendant's motion to vacate, set aside, or correct his sentence is due to be denied.  An appropriate order will be entered.

The Clerk of the Court is **DIRECTED** to serve a copy of this memorandum opinion upon the defendant and counsel of record.

**DONE**, this the 11th day of September, 2006.

_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**

---

[3] The court notes that both *Dean* and *Anderson* involved successive motions.